UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GRIFFCO QUALITY SOLUTIONS, INC., :
:
         Plaintiff, :
:
v. : C.A. No. 05-182
:
CAMACO, LLC, :
:
         Defendant. :

**DEFENDANT CAMACO, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Camaco, LLC ("Camaco"), by its undersigned counsel, states as follows for its Answer and Affirmative Defenses to Complaint:

**ANSWER**

1. Camaco is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Camaco denies it is a Delaware corporation. Camaco admits that its principal place of business is in Novi, Michigan.

3. Camaco is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Camaco admits that it supplies parts to Lear at Lear's facility in Delaware. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5. Camaco is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Admitted.

7. Camaco is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Camaco is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Admitted.

10. Camaco admits that it was advised of certain alleged quality issues concerning certain parts that had been supplied to Lear. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. Camaco admits that it contacted Griffco Quality Solutions, Inc. ("Griffco") in April 2003, and that Griffco performed certain services with respect to certain parts that had been supplied to Lear. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12. Camaco admits that it agreed to pay a reasonable hourly rate for services that specifically were requested and approved by Camaco. Camaco denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13. Denied as untrue.

14. Camaco is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Camaco admits that Griffco submitted purported invoices. Camaco also admits that "Exhibit A" to the Complaint purports to be a summary of submitted invoices. Camaco

denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit.

## COUNT I
## SUIT ON ACCOUNT

16. Camaco realleges and incorporates its responses to all preceding paragraphs as if fully set forth herein.

17. Camaco admits that it contacted Griffco in April 2003, and that Griffco performed certain services with respect to certain parts that had been supplied to Lear. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18. Camaco admits that it agreed to pay a reasonable hourly rate for services that specifically were requested and approved by Camaco. Camaco denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19. Denied as untrue.

20. Denied as untrue.

21. Denied as untrue.

22. Camaco admits that Griffco has purported to make demand upon Camaco for payment. Camaco denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit. Camaco denies the remaining allegations in this paragraph.

WHEREFORE, Camaco respectfully requests that the Court enter judgment of no cause of action, dismiss Griffco's Complaint with prejudice and award Camaco its costs and attorney fees incurred in defending this action and such further relief as permitted by law.

## COUNT II
## BREACH OF CONTRACT

23. Camaco realleges and incorporates its responses to all preceding paragraphs as if fully set forth herein.

24. Camaco admits that it agreed to pay a reasonable hourly rate for services that specifically were requested and approved by Camaco. Camaco denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit. Camaco denies the remaining allegations in this paragraph.

25. Denied as untrue.

26. Camaco admits that Griffco has purported to request payment from Camaco. Camaco denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit. Camaco denies the remaining allegations in this paragraph.

27. Denied as untrue.

WHEREFORE, Camaco respectfully requests that the Court enter judgment of no cause of action, dismiss Griffco's Complaint with prejudice and award Camaco its costs and attorney fees incurred in defending this action and such further relief as permitted by law.

## COUNT III
## QUANTUM MERUIT

28. Camaco realleges and incorporates its responses to all preceding paragraphs as if fully set forth herein.

29. For certain services specifically requested and approved by Camaco, Camaco admits that work was done at the direction of Camaco. Camaco denies that it is obligated to pay Griffco the amounts sought by Griffco in connection with this lawsuit. Camaco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

30. Denied as untrue.

31. Denied as untrue.

32. Denied as untrue.

33. Camaco admits that Griffco has purported to make demand upon Camaco for payment. Camaco denies as untrue any implication that Griffco's demand obligated Camaco to pay the amounts demanded. Camaco denies the remaining allegations as untrue.

34. Denied as untrue.

WHEREFORE, Camaco respectfully requests that the Court enter judgment of no cause of action, dismiss Griffco's Complaint with prejudice and award Camaco its costs and attorney fees incurred in defending this action and such further relief as permitted by law.

## AFFIRMATIVE DEFENSES

1. Griffco's Complaint may be barred, in whole or in part, because any alleged damages may have been caused by the conduct of others, including Griffco.

2. Griffco's Complaint may be barred, in whole or in part, because Griffco may have failed to join a necessary or indispensable party.

3. Griffco's Complaint may be barred, in whole or in part, because there is no contract between the parties.

4. Griffco's Complaint may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

5. Griffco's Complaint may be barred, in whole or in part, by the doctrine of accord and satisfaction.

6. Griffco's Complaint may be barred, in whole or in part, because Griffco did not reasonably rely on any promise from Camaco.

7. Griffco's Complaint may be barred, in whole or in part, because Griffco did not convey a cognizable benefit to Camaco, and any alleged benefit was unsolicited.

8. Camaco reserves the right to assert such other affirmative defenses as they become known through the course of discovery.

WHEREFORE, Camaco respectfully requests that the Court enter judgment of no cause of action, dismiss Griffco's Complaint with prejudice and award Camaco its costs and attorney fees incurred in defending this action and such further relief as permitted by law.

THE BAYARD FIRM

/s/ Patricia Enerio

Kurt M. Heyman (# 3054)
Email: kheyman@bayardfirm.com
Patricia L. Enerio (# 3728)
Email: penerio@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorneys for Defendant Camaco, LLC

OF COUNSEL:

FOLEY & LARDNER, LLP
Jason D. Menges (P64228)
Ryan S. Bewersdorf (P66411)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100

Dated: April 18, 2005

584471v1

## CERTIFICATE OF SERVICE

I, Patricia L. Enerio, Esquire, do hereby certify that on April 18, 2005, I caused a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Complaint to be served electronically upon the following individual:

>Timothy M. Holly, Esquire (# 4106)
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899-2207
>(302) 252-4217

_____
Patricia L. Enerio (# 3728)

584471v1