UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRIFFCO QUALITY SOLUTIONS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 05-182 JJF |
| CAMACO, LLC, | : |
| Defendant. | : |

**DEFENDANT CAMACO, LLC'S**
**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant, Camaco, LLC ("Camaco"), by and through its undersigned counsel, submits the following initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Camaco's investigation into Plaintiff's claims is incomplete and this Initial Disclosure is based on the information available to Camaco at this time. Camaco reserves the right to supplement this disclosure during the course of this case as information becomes available.

**(A)  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

**RESPONSE:**

Based on information currently available, Camaco has determined that the following individuals are likely to have discoverable information relevant to Camaco's claims and defenses. In addition to the persons identified below, Camaco reserves the right to supplement this list to include current and former representatives of Camaco, current and former

representatives of Griffco Quality Solutions, Inc. ("Griffco"), and others likely to have discoverable information that Camaco may use to support its claims or defenses as Camaco's investigation and discovery into Griffco's claim proceed.

      (1)    Sunny Westphal. Mr. Westphal is likely to have knowledge related to the allegations in Griffco's Complaint, Camaco's Answer and Affirmative Defenses, and Griffco's invoices and the application of those documents to the facts at issue. Mr. Westphal should only be contacted via Camaco's counsel.

      (2)    Angie Crenewes. Ms. Crenewes is likely to have knowledge related to the allegations in Griffco's Complaint, Camaco's Answer and Affirmative Defenses, and Griffco's invoices and the application of those documents to the facts at issue. Ms. Crenewes should only be contacted via Camaco's counsel.

      (3)    Dan Wickett. Mr. Wickett is likely to have knowledge related to the allegations in Griffco's Complaint, Camaco's Answer and Affirmative Defenses, and Griffco's invoices and the application of those documents to the facts at issue. Mr. Wickett should only be contacted via Camaco's counsel.

      (4)    Tom Koutsourelis, Controller, Camaco Lorain Manufacturing, 3400 River Industrial Park Road, Loraine, OH 44052. Mr. Koutsourelis is likely to have knowledge related to the allegations in Griffco's Complaint, Camaco's Answer and Affirmative Defenses, and Griffco's invoices and the application of those documents to the facts at issue. Mr. Koutsourelis should only be contacted via Camaco's counsel.

The following appear to be Griffco employees who are likely to have knowledge of the quality inspection services performed:

      (5)    Keith Alsberry

      (6)    Martin J. Wild

      (7)    All persons named on Griffco's invoices to Camaco

**(B)** **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

**RESPONSE:**

The following categories of documents that are in the possession of Camaco may be relevant to disputed facts involved in this matter. Certain of these documents maybe confidential and contain proprietary information and trade secrets. Additionally, other documents may be privileged and/or contain attorney work-product. To the extent that the responsive documents do not contain confidential information, trade secrets, attorney-client privileged information, or work-product, copies of those documents will be produced on a mutually agreed-upon date, at a mutually agreed-upon location.

      (1)    Invoices

      (2)    Work Orders

      (3)    Time sheets

      (4)    Inspection reports

**(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

**RESPONSE:**

Not applicable.

**(D)    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:**

Not applicable.

600267v1

3

THE BAYARD FIRM

*/s/ Kurt M. Heyman*

Kurt M. Heyman (# 3054)
Email: kheyman@bayardfirm.com
Patricia L. Enerio (# 3728)
Email: penerio@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Attorneys for Defendant Camaco, LLC

OF COUNSEL:

FOLEY & LARDNER, LLP
Jason D. Menges (P64228)
Ryan S. Bewersdorf (P66411)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100


Dated: September 7, 2005

600267v1

4

## CERTIFICATE OF SERVICE

I, Kurt M. Heyman, Esquire, do hereby certify that on September 7, 2005, I caused a true and correct copy of the foregoing Defendant's Initial Disclosures to be served electronically upon the following counsel of record:

> Timothy M. Holly, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899-2207

_____
Kurt M. Heyman (# 3054)